UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BRITTANY BELLARD**            **CASE NO. 2:22-CV-05868**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**UNITED NATIONAL INSURANCE CO**      **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (Doc. 8) filed by Defendant, United National Insurance Company ("UNIC"), who moves to dismiss the instant lawsuit pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with this Court's Management Order.

## INTRODUCTION

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana. During the relevant time period, Plaintiff owned property that was insured by UNIC. In her Petition, Plaintiff is seeking a Declaratory Judgment as to UNIC's untimely failure to tender undisputed payment after receiving satisfactory proof of loss and for damages for breach of contract.

## LAW AND ANALYSIS

In its Motion, UNIC complains that despite its payment to Plaintiff on October 20, 2022, as of the date of the filing of this motion, Plaintiff has not submitted to UNIC an estimate showing her alleged unpaid losses.

UNIC remarks that this Court issued a Case Management Order ("CMO") on November 3, 2022, and received correspondence from the Special Master on December 1, 2022, further delineating the deadlines for this case.[1] The disclosure deadline was anticipated to be on or around December 22, 2022; the deadline for the parties to schedule the First Stage Settlement Conference ("ISC") was anticipated to be on or around January 6, 2023; the deadline to have conducted the ISC was anticipated to be on or around January 21, 2023; if the parties were not able to resolve the matter in this First Stage, the Hurricane Case was anticipated to be assigned for mediation on or around February 20, 2023; and the mediation was anticipated to have been conducted before May 21, 2023.

UNIC timely filed an Answer on November 7, 2022. UNIC timely produced initial discovery disclosures on December 20, 2022, which Plaintiff's counsel noted were received on the same date.[2] When Plaintiff did not timely produce her initial discovery disclosures and the deadline for ISC was approaching, counsel for UNIC requested a status update.[3] UNIC received no response and requested an update again on January 11, 2023.[4] Still no response was forthcoming. After the deadline for ISC passed without any response, on January 25, 2023, UNIC again requested status of discovery disclosures and ISC.[5] Plaintiff's counsel simply responded that they would be in touch shortly, but UNIC received no response.[6] UNIC notes that the deadline for formal mediation is approaching

---

[1] Doc. 4, and Defendant's exhibit C.
[2] Defendant's exhibit D.
[3] Defendant's exhibit E.
[4] Defendant's exhibit F.
[5] Defendant's exhibit G.
[6] Defendant's exhibit H.

and yet Plaintiff has made no effort to comply with the CMO, nor has Plaintiff provided any excuse for her noncompliance.

A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Federal Rule Civil Procedure 41(b). Rule 41 provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The authority to dismiss an action under Rule 41(b) is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 320–21 (5th Cir. 1982).

The Fifth Circuit has found the dismissal of a Plaintiff who fails to follow a CMO to be proper where (1) "there is 'a clear record of delay or contumacious conduct by the plaintiff'" and (2) "lesser sanctions would not have 'serve[d] the best interests of justice.'" *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 359, 360 (5th Cir. 2020) (quoting *In re Deepwater Horizon (Barrera)*, 907 F.3d 232, 235, 236 (5th Cir. 2018)).

Here, Plaintiff has not requested extensions, and the deadline for initial disclosures and ISC have lapsed. Plaintiff has failed to produce any documents or prosecute this lawsuit.  In addition, Plaintiff has failed to respond to the instant Motion to Dismiss. The Court agrees with UNIC that the instant suit should be dismissed pursuant to Federal Rule Civil Procedure 41(b).

## CONCLUSION

For the reasons set forth herein explaining Plaintiff's failure to comply with this Court's orders and deadlines, and failure to prosecute her claims, the Motion to Dismiss will be granted.

**THUS DONE AND SIGNED** in Chambers on this 19th day of April, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE